UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD A SPANN,

    Plaintiff,

v.

INDIANA STATE OF, WILLIAM
HYATTE, CURTIS HILL,

    Defendants.

CAUSE NO. 3:20-CV-595-DRL-MGG

OPINION & ORDER

Richard A. Spann, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. In doing so, the court bears in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Spann is confined at Miami Correctional Facility. He alleges that during the seven years he has been housed at that facility, it has not had "manual locks on its inmate's doors." ECF 2 at 1. Instead, all doors in the facility "are solely r[u]n upon electricity." *Id.* He views this as a potentially dangerous situation, because, in his words, "say the electricity goes out, we as individuals [are] held under duress in this prison" and "have to wait for hours upon hours to be let out of our rooms if a catastrophe strikes." *Id.*

He alleges that the lack of manual locks on the doors has caused him to be "very, very anxious." *Id.* He further asserts that he is "not safe under any other jurisdiction but my own private jurisdiction," and that "[t]his agency's foreign to me as a non-residential foreign alien & Moorish American National Non-U.S. Citizen." *Id.* He expresses concern about being "stuck in an institution which I am not by law rightfully able to be slaved to." *Id.*

A violation of the Eighth Amendment's Cruel and Unusual Punishment Clause requires two things: (1) objectively, that the injury was sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, that the prison official's state of mind was deliberately indifferent to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[N]ot all prison conditions trigger eighth amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety." *James v. Milwaukee Cty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Here, Mr. Spann does not allege that he has been denied the minimal civilized measures of life's necessities. Rather, he describes a physical condition related to the design of the prison that he has been living with for seven years without injury. Although "[p]rison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury" can violate the Eighth Amendment even if no physical injury occurs, *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011), the condition he describes is not one that can be characterized as reckless or dangerous. In fact, one can envision many scenarios where electronic locks would be safer than manual locks that must be unlocked individually, such as in the case of a fire. The complaint also makes clear that the prison

2

has a back-up generator in the event of a power failure. ECF 2 at 3. Although Mr. Spann claims that the lack of manual locks is causing him unnecessary worry, "conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations." *Pegues v. Rogers*, No. 3:07-CV-93 PS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007).

To the extent Mr. Spann is claiming that the lack of manual locks violates prison policies or guidelines, the violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("constitutional suit is not a way to enforce state law through the back door"); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). Any claim he is seeking to raise regarding his alleged "Moorish American" citizenship is patently frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th 2011); *United States v. Toader*, 409 F. App'x 9, at *13 (7th Cir. Nov. 24, 2010). His allegations do not state a plausible claim for relief under 42 U.S.C. § 1983.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given

another opportunity, Mr. Spann could state a plausible constitutional claim, consistent with the allegations he has already made.

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for relief; and

(2) DIRECTS the clerk to close this case.

SO ORDERED.

September 3, 2020

*s/ Damon R. Leichty*
Judge, United States District Court